**Noel TAN, Plaintiff—Appellant,**

v.

**KAISER HARBOR CITY MEDICAL CENTER, a corporation; Kaiser Foundation Hospitals Inc., Defendants—Appellees.**

No. 00–56892.

D.C. No. CV–97–01328–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.*

Decided Dec. 3, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Plaintiff–Appellant Noel Tan ("Tan") appeals the District Court's grant of summary judgment on his disability discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and California's Fair Employment and Housing Act, Cal. Gov't Code § 12940, against his former employer, Defendant–Appellee Kaiser Foundation Hospitals ("Kaiser"). We reverse in part and affirm in part because when the evidence is viewed in the light most favorable to Tan, there are genuine issues of material fact as to some of his claims. *See Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

Tan, a licensed vocational nurse, suffered injuries to his neck and back when he attempted to break the fall of an oncology patient. Tan entered a workers' compensation settlement with Kaiser. The settlement incorporated a statement by the agreed-upon medical examiner that Tan was permanently unable to perform the tasks of his former position due to a restriction against heavy lifting, pushing, and pulling. The settlement further included a vocational rehabilitation program. The collective bargaining agreement gave Tan priority over all other applicants on applications he filed within the seven-day posting period for any open position posted within ninety days after he completed the vocational rehabilitation program. Tan unsuccessfully applied for twenty positions, five of which are the subject of this appeal. Tan claims that Kaiser discriminated against him because of disability when it did not hire him for any of these positions. Tan also unsuccessfully asked to have his former position back. Tan claims that Kaiser discriminated against him because

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of disability when it did not let him return to his former position.

█ Tan presented evidence that would allow a reasonable jury to conclude that Kaiser regarded him as disabled. *See* 42 U.S.C. § 12102(2)(C). According to this evidence, when human resources supervisor Felicia Mooney ("Mooney") saw Tan's application for family medicine position HCN 960282, which is not part of this appeal, she said: "Why is he applying for these L[icensed] V[ocational] N[urse] positions? He has restrictions on him." On the same day that Tan applied for family medicine position HCN 960282, he also applied for laboratory assistant position HCN 960281 and internal medicine position HCN 960283, both of which are part of this appeal. At least laboratory assistant position HCN 960281 did not require heavy lifting, pushing, or pulling. A reasonable jury could conclude that Mooney was referring to all three of these positions when she spoke about "these LVN positions." A reasonable jury could further conclude that Mooney regarded Tan as significantly restricted in his ability to perform the entire class of LVN jobs, including those that did not require heavy lifting, pushing, and pulling, and that she, therefore, regarded Tan as disabled. *See* 29 C.F.R. 1630.2(j)(3).

█ Tan also presented evidence that would allow a reasonable jury to conclude that Kaiser did not hire Tan for three of the five positions that are part of this appeal or let him return to his former position because of its perception that Tan was disabled.

Regarding internal medicine position HCN 960283, Kaiser returned Tan's application for this position one day after he submitted it but did not hire the successful candidate until eighteen days later. On the application, Kaiser checked the "other" box as the reason for not hiring Tan, without giving any further explanation, which was not Kaiser's usual practice. A reasonable jury could conclude that Kaiser rejected Tan's application out of hand because it regarded him as disabled, and that Kaiser did not want to state this discriminatory reason for not hiring him.

As for laboratory assistant position HCN 960281, Kaiser did not forward Tan's application for this position to the hiring supervisor until four days after Tan submitted it. At that time, the successful candidate had already been chosen. Kaiser has given no explanation for the delay in forwarding Tan's application. A reasonable jury could conclude that Kaiser did not forward Tan's application because it regarded him as disabled and, therefore, did not want the supervisor to hire him.

With respect to a third position, internal medicine position HCN 960189, Tan timely applied for this position when it was originally posted with a Spanish *requirement.* Because the position was posted within ninety days after Tan completed his vocational rehabilitation program, he had priority over all other applicants for this position. Kaiser never argued that Tan was not qualified for this position as originally posted. Kaiser nevertheless reposted the position with a Spanish *preference.* Tan did not reapply and, as a result, lost his priority over all other applicants. In the end, Kaiser chose another applicant for this position, one who also did not timely apply the second time. A reasonable jury could conclude that Kaiser reposted the position with a lesser requirement—although it had in Tan a candidate who met the original higher requirement and had priority over all other applicants—because it viewed Tan as disabled and for that reason did not want to hire him.

█ Finally, Tan presented evidence that heavy lifting, pushing, and pulling was not an essential function of his former position. *See* 29 C.F.R. § 1630.2(n). The

ADA protects only disabled employees who are able to perform, with or without reasonable accommodation, the essential functions of their positions. *See* 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.2(m). By contrast, workers' compensation does not distinguish between essential and non-essential job functions. The statement in the workers' compensation settlement that Tan was permanently unable to perform possibly non-essential tasks of his former position due to a restriction from heavy lifting, pushing, and pulling does, therefore, not preclude Tan from arguing that he is able to perform the essential functions of his former position. *See Johnson v. State of Oregon*, 141 F.3d 1361, 1366 (9th Cir.1998). Accordingly, the District Court erred when it held that Tan was judicially estopped from making this argument.

■■■ Tan also appeals the District Court's denial of his motion for reconsideration of summary judgment regarding internal medicine position HCN 960346 and laboratory assistant position HCN 960373. We review the District Court's denial of a motion for reconsideration for an abuse of discretion. *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000). Tan based his motion on his attorney's failure to argue before the District Court that Tan in fact timely filed his applications for these positions but that Kaiser incorrectly date stamped them one day after he filed them. The District Court denied the motion because under Local Rule 7.16, the failure of an attorney to make a timely argument is not a proper ground for a motion for reconsideration. In so holding, the District Court did not abuse its discretion. Because Tan's attorney knew of the alleged misstamping before the District Court granted summary judgment, but failed to present the argument to the District Court at that time, he did not satisfy any of the three grounds for a motion for reconsideration listed in Local Rule 7.16. *See* C.D. Cal. R. 7.16. Moreover, the facts as alleged by Tan do not raise a genuine issue of material fact as to the two particular positions at issue. Accordingly, the District Court did not err when it rejected Tan's motion for reconsideration of summary judgment regarding these two positions.

For these reasons, we REVERSE in part and AFFIRM in part the District Court's grant of summary judgment for Kaiser and REMAND the case for further proceedings in light of this disposition. Each party shall bear their own costs.

